

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,079-01

### EX PARTE DONALD BLAINE DAVIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 24475 IN THE 91ST DISTRICT COURT FROM EASTLAND COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of murder and sentenced to ninety-nine years' imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Davis v. State*, No. 11-17-00020-CR (Tex. App.—Eastland Dec. 31, 2018) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective because he failed to move to reopen the evidence to call Applicant to testify or advise Applicant that he could make that request after the trial court refused to instruct the jury on self-defense; failed to preserve error during Diane Rodriguez's testimony; failed to file a motion in limine and, if necessary, object to

inadmissible testimony from Bobbie Jo Johnson and Texas Ranger Shane Morrow; and failed to cross-examine the testifying pathologist or to call an expert to testify about the effect of the methamphetamine in the deceased's system on his behavior. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall as make specific findings as to whether trial counsel had a reason for not reopening the evidence and calling Applicant to testify; whether the trial court made a ruling when counsel objected during Diane Rodriguez's testimony; whether the complained-of testimony from Bobbie Jo Johnson and Texas Ranger Shane Morrow was inadmissible; and whether expert testimony regarding the effect of the methamphetamine in the deceased's system on his behavior would have benefitted Applicant's defense. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's

findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: October 20, 2021

Do not publish